**FILED**

2023 AUG 29  A 10:58
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

HURRICANE IDA

No.                                                                       DIVISION: " "

**GOODWILL INDUSTRIES OF S.E.LA, INC. dba GOODWILL INDUSTRIES OF SOUTHEASTERN LOUISIANA, INC.**

VERSUS

**MT. HAWLEY INSURANCE COMPANY**

FILED:_____        _____
                                                                DEPUTY CLERK

**PETITION FOR BREACH OF CONTRACT AND DAMAGES**

NOW INTO COURT, through undersigned counsel, comes GOODWILL INDUSTRIES OF S.E.LA, INC. dba GOODWILL INDUSTRIES OF SOUTHEASTERN LOUISIANA, INC. ("Petitioner"), a Louisiana limited liability company located in the Parish of Orleans, State of Louisiana, who respectfully represents the following:

1.

Made Defendant herein is:

MT. HAWLEY INSURANCE COMPANY ("Hawley" or "Defendant"), a foreign insurer authorized to do and doing business in the State of Louisiana and in the Parish of Orleans, which can be served through its agent for service of process as set forth in its policy of insurance issued to Petitioner.

2.

Jurisdiction is proper in the Honorable Court pursuant to Louisiana Code of Civil Procedure, Article 2.

3.

Venue is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure Article 76.

1

**VERIFIED**

Kasie Jiles
2023 AUG 29  P 05:32

Exhibit A

2023-10007



Section 7

FILED

2023 AUG 29 A 10:58
CIVIL
DISTRICT COURT

4.

At all times pertinent hereto, Petitioner was the owner of the immovable properties located

at:

a. 2722 W Thomas Road, Hammond, LA 70403

b. 101 Carrollwood Drive, LaPlace, LA 70068

c. 12897 Highway 90, Luling, LA 70039

d. 1431 S Range Avenue, Denham Springs, LA 70726 (the "Properties").

5.

On August 29, 2021, Hurricane Ida caused severe and substantial wind damage to the

Properties, including, but not limited to, roof damage and damage to the interior and exterior of

the Properties.

6.

Petitioner initiated a claim with the Defendant for wind damages sustained at the Properties

as a result of Hurricane Ida. Petitioner's claims, bearing claim number 500987, were initiated under

policy number MCP0171053 (the "Policy"), which was in full force and effect at the time of loss.

7.

Petitioner prepared a Proof of Loss and Estimate for additional Hurricane Ida wind

damages sustained to the Properties. To date, Defendant has failed to make a full payment for

damages pursuant to coverages under the Policy.

8.

In compliance with the policy, Petitioner timely provided notice of the loss events to the

Defendant and took reasonable steps to mitigate the damage caused by the loss events as soon as

reasonably possible.

9.

Petitioner, in compliance with the terms of the Policy, cooperated with Defendant and its

consultants and made the Properties available for inspection at all times. Defendant, directly and/or

through its loss consultants and adjusters, had ample opportunity to investigate and inspect the

damage to the Properties.

E-Filed

**FILED**

2023 AUG 29  A 10:58

CIVIL

DISTRICT COURT

10.

However, Defendant failed to include damages to the Properties that were obvious at the time of the inspection and caused by Hurricane Ida, as well as underestimated the costs of damages included in its adjustment.

11.

Defendant failed to pay the amount due to Petitioner in connection with the subject claims within thirty (30) days after receipt of satisfactory proof of loss and also failed to make a written offer to properly settle Petitioner's Properties damage claims within thirty (30) days after receipt of satisfactory proof of loss of the claims.

12.

Defendant has been in possession of sufficient documentation to fully apprise itself of the actual loss and damage to the Properties as a result of Hurricane Ida, but Defendant has failed to pay Petitioner the actual amount of the loss due under the policy despite having satisfactory proof of loss for more than 60 days.

13.

Defendant breached their affirmative duties under La. Rev. Stat. Ann. §22:1892 and §22:1973 as a result of its failure to timely and reasonably adjust the subject losses.

14.

Despite Defendant's ongoing breaches and failure to timely pay the loss amounts due under the Policy, Petitioner has continued to work with Defendant and its consultants to ensure compliance with Petitioner's duties under the policy.

15.

Defendant's failure to timely pay benefits owed under the Policy has placed the Properties at risk.

16.

Defendant has unjustifiably failed and/or refused to perform its obligations under the Policy by wrongfully and unfairly limiting payment on the Petitioner's claims.

FILED

2023 AUG 29  A 10:58

CIVIL

DISTRICT COURT

17.

As a result of Defendant's bad faith conduct in connection with its adjustment of these claims, Petitioner has incurred professional expenses, including expert and/or attorney's fees, to determine that Defendant wrongfully failed to timely pay adequate amounts owed under the Policy in connection with Petitioner's claims.

18.

Defendant's acts and omissions in failing to pay Petitioner the actual amounts owed under the Policy within sixty (60) days of receiving satisfactory proof of loss is arbitrary, capricious, and without probable cause, and Defendant is in breach of their affirmative duties of good faith and fair dealing.

19.

As a result of Defendant's failures and delays to timely adjust and pay the loss amounts due under the Policy in response to the damage caused by Hurricane Ida, Petitioner has and/or will continue to sustain additional loss and damage and will continue to incur additional costs and expense at increased prices in connection with the completion of the repairs.

## CAUSES OF ACTION

**A. The Insurance policy**

20.

Defendant owed the Petitioner a duty of good faith and fair dealing, and a duty to pay losses within thirty (30) and sixty (60) days of proof of loss under La. Rev. Stat. Ann. §22:1892 and La. Rev. Stat. Ann. §22:1973.

21.

The actual damages to the Properties and other structures greatly exceed the amounts estimated and paid by Defendant.

22.

Under the language of their policy, Petitioner is entitled to recover from Defendant for the additional sums needed to make full repairs to the Properties in accordance with the insurance coverages Petitioner purchased from Defendant.

4

FILED

2023 AUG 29  A 10:58

CIVIL

DISTRICT COURT

23.

Petitioner is also entitled to recover for the unpaid and/or underpaid losses and damages they sustained to the personal contents of the Properties, for debris removal, and for additional expenses in accordance with the insurance coverages Petitioner purchased from Defendant.

24.

Defendant breached their duty of good faith, causing actual damages, and breached their duties to timely pay damages owed under the Policy.

**B.       Penalties And Attorney's Fees**

25.

Pursuant to Louisiana Revised Statute §22:1892, Defendant was required to unconditionally tender payment to Petitioner for reasonably undisputed losses caused by Hurricane Ida within thirty (30) days of Defendant's receipt of satisfactory proof of loss when its adjusters inspected the Properties. Defendant failed to do so.

26.

La. Rev. Stat. Ann. §22:1892 further required Defendant to re-evaluate Petitioner's claims and to tender additional unconditional payments to Petitioner each time Defendant received additional information concerning the losses sustained by Petitioner. Defendant failed to do so.

27.

Defendant's failure to pay adequate amounts timely in this matter was arbitrary, capricious, and without probable cause.

28.

Pursuant to La. Rev. Stat. Ann. §22:1892, Defendant is liable to Petitioner for a penalty of 50%, in addition to the amount of the loss, on the amount due from Defendant, as well as reasonable attorney's fees and costs for Defendant's failure to unconditionally tender the amounts owed to Petitioner within thirty (30) days after receipt of satisfactory proof of loss.

29.

Pursuant to La. Rev. Stat. Ann. §22:1973, Defendant is additionally liable to Petitioner for actual damages and inconvenience for Defendant's misrepresentations of pertinent facts



Section 7

concerning the amounts owed, its coverages, and its provisions under the Policy, as well as for failing to unconditionally tender the amounts owed to Petitioner within sixty (60) days after receipt of satisfactory proof of loss was arbitrary, capricious, and without probable cause.

## DAMAGES

### 30.

As a result of the actions of Defendant, Petitioner has suffered the following nonexclusive list of past, present, and future damages, in amounts reasonable in the premises:

a. Damage to the building and other structures located at the Properties;

b. Mitigation, remediation, and repair costs;

c. Diminution in value;

d. Lost and/or damaged contents and personal Properties;

e. Loss and damage due to delays and/or inability to make appropriate repairs as a result of inadequate insurance payments;

f. Any of the applicable coverages afforded under the Policy's sub-coverage limits, including but not limited to demolition, debris removal, increased cost of construction;

g. Attorney's fees, expert fees, and costs of these proceedings, and all other costs incurred prior to this litigation as a result of Defendant's breaches of their contractual and legal duties and obligations, including the failure to timely pay sums owed under the Policy;

h. Penalties pursuant to LA R.S. 22:1892 and 1973;

i. Double damages pursuant to LA R.S. 22:1973;

j. 50% penalties for failure to submit payment within thirty (30) days from proof of loss pursuant to LA R.S. 22:1892; and

k. Any and all other damages that are shown through discovery and/or proven at the trial of this matter.



Section 7

## PRAYER FOR RELIEF

WHEREFORE, Petitioner, GOODWILL INDUSTRIES OF S.E.LA. INC. dba GOODWILL INDUSTRIES OF SOUTHEASTERN LOUISIANA, INC., respectfully prays there be a judgment rendered herein in Petitioner's favor and against Defendant, MT. HAWLEY INSURANCE COMPANY, for the full amounts due under the terms of the coverages provided by Defendant's insurance Policy, for actual damages, penalties, attorney's fees, costs, and expenses, and for such other damages as would reasonably and justly compensate Petitioner in accordance with the rules of law, plus interest to the fullest extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate in the premises.

Respectfully submitted,

ALBERT J. NICAUD, #19261
anicaud@nslawla.com
JEFFREY M. SIEMSSEN, #31965
jsiemssen@nslawla.com
BRET D. GUEPET, JR, # 38768
bguepet@nslawla.com
RAMSEY T. MARCELLO, #32977
rmarcello@nslawla.com
NICAUD & SUNSERI LAW FIRM, LLC
3000 18th Street
Metairie, LA 70002
Telephone: (504) 837-1304
Facsimile: (504) 833-2843
*Attorneys for Plaintiff, Goodwill Industries*

*SERVICE INSTRUCTIONS ON THE FOLLOWING PAGE*

7

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA


FILED

2023 AUG 29  A 10:58

CIVIL

DISTRICT COURT

PLEASE SERVE:

**MT. HAWLEY INSURANCE COMPANY**
**Through its agent for service of process:**
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

SERVICE THROUGH LOUSIANA LONG ARM STATUE:

**MT. HAWLEY INSURANCE COMPANY**
*Through long-arm service:*
Mt. Hawley Insurance Company
P.O. Box 3961
Peoria, IL 61612-3961

E-Filed

**FILED**

2023 AUG 29  A 10:58
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

HURRICANE IDA

No.                                                                    DIVISION: " "

GOODWILL INDUSTRIES OF S.E.LA, INC. dba GOODWILL INDUSTRIES OF
SOUTHEASTERN LOUISIANA, INC.

VERSUS

MT. HAWLEY INSURANCE COMPANY

FILED: _____        _____

                                                **DEPUTY CLERK**

**REQUEST FOR NOTICE**

STATE OF LOUISIANA

PARISH OF ORLEANS

Pursuant to Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, we hereby
request written notice of the date set for trial of the above numbered and entitled cause, or of the
date set for trial of any pleadings or motions therein, at least ten (10) days before any trial date.

We also request notice of the signing of any final judgment, the rendition of any
interlocutory order of judgment, or of any order of judgment refusing to grant a new trial, in said
cause as provided by Articles 1913 and 1914 of the Louisiana Code of Civil Procedure.

Respectfully submitted,

ALBERT J. NICAUD, #19261
anicaud@nslawla.com
JEFFREY M. SIEMSSEN, #31965
jsiemssen@nslawla.com
BRET D. GUEPET, JR., #38758
bguepet@nslawla.com
RAMSEY T. MARCELLO, # 32977
rmarcello@nslawla.com
NICAUD & SUNSERI LAW FIRM, LLC
3000 18th Street
Metairie, Louisiana 70002
Telephone: (504) 837-1304
Facsimile: (504) 833-2843
*Attorneys for Plaintiff, Goodwill Industries*

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

E-Filed

9

IN RE: HURRICANE IDA CLAIMS



2022-03492

SECTION 15

## CASE MANAGEMENT ORDER
## REGARDING CERTAIN PROPERTY DAMAGE SUITS ARISING FROM HURRICANE IDA

On August 29, 2021, Hurricane Ida came ashore near Port Fourchon, Louisiana and left destruction throughout south Louisiana as a major Category 4 Hurricane.[1] Major Hurricane-force winds, with gusts in excess of 192 mph inflicted catastrophic damage throughout south Louisiana and hurricane force winds impacted this Court's jurisdiction.[2] The causes of action arising therefrom may sometimes be referred to as "Hurricane Cases."[3]

In the aftermath of these catastrophic natural disasters, this Court recognizes the likelihood of a high volume of insurance coverage-related litigation linked to the Hurricane. In Act 318 of the 2021 Regular Session the Legislature of Louisiana amended the laws expanding judicial authority related to special masters and mandatory mediation in cases stemming from certain major disasters ("Act 318").[4]

Act 318 authorizes this court to issue this CMO, this Court finds it warranted to best accommodate the adjudication of Hurricane cases in this Court.[5] Accordingly, this Court's aim continues to be the just and expedient resolution of these related matters, in spite of the increased strain on the Court's resources, and with the primary goal of enabling the New Orleans community to move forward with crucial recovery efforts, in the aftermath of the Hurricane and the ongoing Coronavirus pandemic.

**IT IS HEREBY ORDERED** that this Case Management Order shall be immediately

---

[1] https://www.theadvocate.com/baton_rouge/news/article_0cc1dc86-0a90-11ec-827e-6342102b8d5d.html
[2] https://www.theadvocate.com/baton_rouge/news/business/article_10bb5488-11d0-11ec-82c3-e3dd67bc12ad.html    https://www.nbcnews.com/news/us-news/live-blog/hurricane-ida-live-updates-8-30-n1277989/ncrd1278026/#liveBlogHeader
[3] All causes of action concerning damage related to Hurricane Ida is subject to this Order, including causes of action where the third-party demand or cross claim is a claim against an insurer by an insured due to damage from the Hurricane.
[4] Hurricane Ida qualifies pursuant to R.S. 13:4165(F)(1). A major disaster declaration was made by the President for Orleans Parish in Hurricane Ida under FEMA Release No. HQ-21-181. Orleans Parish qualified for individual assistance for the Hurricane (FEMA designation DR-4611-LA).
[5] Hurricane Ida ties Hurricane Laura for the strongest hurricane to hit Louisiana and the fifth strongest Hurricane to hit the United States. Act 318 was enacted in the aftermath of Hurricane Laura and this CMO is modeled extensively on the CMO successfully adopted by the 14th Judicial District Court following Hurricane Laura.

VERIFIED
04/21/2022

applicable to all Hurricane Cases currently pending or hereafter filed in this Court (Civil District Court for the Parish of Orleans).

## SECTION 1. DISASTER PROTOCOLS FOR INITIAL DISCLOSURES

The Court has reviewed the Disaster Litigation Initial Discovery Disaster Protocols adopted by the United States District Court for the Western District of Louisiana, applicable to all Hurricane Cases[6] and the nearly identical Disaster Protocols implemented by the U.S. District Court for the Southern District of Texas following Hurricane Harvey.[7] These Disaster Protocols call for prompt sharing of specific information to promote uniformity, to facilitate prompt evaluation of each case, to foster communication between the parties, and to facilitate an expedited mediation procedure.

Accordingly, this Court has adopted the Disaster Protocols attached hereto as Exhibit "A" in the Disaster Protocols Order and makes them applicable to all Hurricane cases filed in this Court. Additionally, **IT IS HEREBY ORDERED that** there shall be an automatic extension of time to Answer in every Hurricane case until the 30th day after service of the plaintiff's petition. No further extensions of time shall be granted except in exigent circumstances.

Additionally, **IT IS HEREBY ORDERED that** the disclosures and exchange of information required by the Disaster Protocols Order shall be due 45 days from the date that defendant files responsive pleadings. This deadline may sometimes hereinafter be referred to as the "Disclosure Deadline". Even if the parties agree to further extension of time to file responsive pleadings, the Disclosure Deadline shall be no more than 90 days from the service of the petition unless the extension of the Disclosure Deadline is expressly extended by the written consent of all parties or pursuant to an express Order of this Court to extend it.

**IT IS FURTHER ORDERED that** each party shall supplement their Initial Disclosures at least twenty-one days prior to any scheduled mediation pursuant to the CMO.[8]

**IT IS FURTHER ORDERED that** all other discovery is stayed until certification of the completion of the SSP. However, the Special Master may authorize limited formal

---

[6]https://www.lawd.uscourts.gov/sites/lawd/files/UPLOADS/Hurricane_Laura_Delta_CMO_1_Att_A_Dis covery_Protocols.062121.tzd_0.pdf
[7] *United States District Court for the Southern District of Texas*, Disaster Litigation Initial Discovery Protocols, *available at* https://www.txs.uscourts.gov/sites/txs/files/Disaster%20FINAL%20Web%20version.pdf
[8] If the Special Master finds a production under the Disaster Disclosures too voluminous or disorganized to be useful for the SSP, he may require that the Disaster Disclosures be bates numbered and organized with a Table of Contents.

2

discovery during the SSP in extraordinary circumstances.[9]

## SECTION 2. PRIVILEGE

Documents for which a privilege may properly be asserted include communications that reflect the mental impressions, conclusions, opinions, or theories of an attorney.[10] However, as recognized by federal courts concerning hurricane cases "Documents routinely prepared in the ordinary course of business, including but not limited to adjusters' reports, and other expert analyses, including draft reports, are not privileged and should be produced."[11]

Therefore, **IT IS FURTHER ORDERED** that any party withholding disclosure of any information or documents, where said disclosure is required pursuant to the Disaster Protocols, shall produce a privilege log to opposing counsel on or before the Disclosure Deadline. This privilege log shall detail all information or documents that it declined to produce on the basis of that the material is privileged. The log should include: the author(s) of the document, the recipient(s) of the document (including direct recipients and recipients copied), indication (e.g., with an asterisk) of which individual(s) (authors and recipients) are attorneys (or paralegals or other legal staff carrying out a legal function for an attorney), the date of the document, subject line of the document, title of the document, the nature of any privilege(s) asserted, and a description of the document (over which a privilege is asserted) in a manner that, without revealing information itself privileged or protected, will enable the Special Masters and/or the Court to assess the claim.

Any dispute concerning privileged items shall be referred to the Special Master. If a motion to compel related to the privilege log is filed, or if any other privilege dispute is raised with the Special Master, the disputed items shall be provided to the Special Master *in camera* within ten days. The Special Master or his designated deputy shall provide all parties with a report and recommendation concerning the claimed privilege.

If neither party opposes the report and recommendation within seven days of its receipt then the Court may issue an Order confirming it. If either party opposes the report and

---

[9] The parties are encouraged to make requests for limited discovery in complex cases when necessary to effectively participate in the SSP outlined herein.

[10] La. C.C.P. art. 1424(A)

[11] United States District Court for the Western District of Louisiana, *In Re Hurricane Laura and Delta Cases: Case Management Order No. 1*, p. 3, *available at* https://www.lawd.uscourts.gov/sites/lawd/files/UPLOADS/Hurricane_Laura_Delta_CMO_1.012221.txd.pdf
United States District Court for the Eastern District of New York, *In Re Hurricane Sandy Cases: Case Management Order No. 1*, p. 10, *available at* https://img.nyed.uscourts.gov/files/general-ordes/14mc41cmo01.pdf.

recommendation within seven days of its receipt then the report shall be transmitted to the Court by the Special Master together with the *in camera documents*. The opposing party may file a memorandum concerning the report and recommendation within seven days of receiving the report, and any other party may file a response within five days of the filing of the opposition.

## SECTION 3. SPECIAL MASTER AND APPOINTED NEUTRALS

Considering the foregoing reasons supplied by the Court in the introduction *infra*, the Court finds that exceptional circumstances exist which warrant the appointment of a Special Master to assist with the efficient and fair administration of all Hurricane Cases. Pursuant to the Court's inherent judicial power and its authority under La. R.S. 13:4165, *et seq*, it is ordered that **THE COURT HEREBY APPOINTS E. JOHN LITCHFIELD, ESQ. AND CADE R. COLE, ESQ.** as the Special Masters for Hurricane Cases in the Orleans Civil District Court.

As part of their appointment, the Court mandates that the Special Masters shall proceed with all reasonable diligence and shall exercise their respective rights and responsibilities to direct the Streamlined Settlement Process as provided in this Order.

**IT IS FURTHER ORDERED** that the Neutrals, referenced in Section 4(II)(B), *supra*, are hereby appointed and shall proceed with all reasonable diligence and shall exercise their rights and responsibilities under the Streamlined Settlement Process ("SSP") as the Special Master may direct.

### I.   *The Special Masters*

The Special Masters shall administer, coordinate, and preside over the SSP. This authority includes the power to order parties and/or party representatives with full power of settlement to submit briefing, engage in discovery, and attend settlement conferences. The Special Masters may enter any other order to effectuate the provisions of the SSP, subject to the review and control of the Court.

### II.   *Compensation of Appointed Neutrals*

The Special Masters and all other appointed neutrals under the SSP (the "Appointed Neutrals") shall be compensated in the amount of:

A.  $400 per hour;

B.  $280 per case for the Special Masters for administrative expenses in administering, scheduling, organizing, and coordinating the Streamlined Settlement Process for each case amongst the parties as well as with the Appointed Neutrals; and

C.  all actual expenses of the Appointed Neutrals, including but not limited to travel, meeting rooms, telephone, and electronic audio or video conference

means.

Unless otherwise directed by mutual agreement of the parties or as otherwise directed by the Special Masters, all of the above fees and expenses shall be paid twenty-five percent (25%) by the plaintiff(s) and seventy-five (75%) by the defense(s).[12] If the claim settles for $25,000 or less, then 100% of the above fees and expenses shall be paid by the defense(s).

**IT IS FURTHER ORDERED** that $70 of the administrative fee provided for in Section II(B) shall be added to the cost of filing the petition, collected by the clerk of court, and remitted monthly to 'the Special Masters; and that $210 of the administrative fee provided for in Section II(B) shall be added to the cost of the first notice or filing by the defendant, collected by the clerk of court, and remitted monthly to the Special Masters.

## III.   *Role of Appointed Neutrals*

A.  The Special Masters and Appointed Neutrals may communicate *ex parte* with the Court when deemed appropriate by the Special Masters, at the Special Masters' discretion, without providing notice to the parties, including communication certifying that the parties have complied with the requirements of the SSP.

B.  The Special Masters and Appointed Neutrals may initiate contact and communicate with counsel for any party as he or she deems appropriate with respect to the efficient administration and management of the SSP.

C.  The Special Masters and Appointed Neutrals, the parties, and those assisting the foregoing shall be bound by the confidentiality of the settlement discussions.

D.  The Special Masters may designate any of the Appointed Neutrals to act as his deputy from time to time and to perform any duties of the Special Masters.

E.  If an Appointed Neutral reports that a case did not settle due to a party's failure to comply with its obligations under the Disaster Protocols, including the obligation to supplement the Disaster Disclosures at least twenty-one (21) days prior to the mediation, the Special Master may order another mediation and may assess the full cost of the first mediation against the party in violation.

## IV.   *Notice to the Special Masters.*

Any party to a Hurricane Case may file a motion with the assigned District Judge requesting an opt out from the SSP only for good cause shown within the applicable deadline (*see* Section 4 below). **IT IS FURTHER ORDERED** that any party filing an opt out motion shall copy the Special Masters, and that the parties shall provide notice of the Court's Order on the motion to opt out to the Special Masters whether the motion to opt out is granted or denied.

**IT IS FURTHER ORDERED** that counsel for any party to a Hurricane Case that has been provided a copy of this Order shall be required to provide email notice to the Special Masters of the initial pleadings and all subsequent filings in any Hurricane Case (knowledge of this provision is presumed where a counsel for the party has been provided a copy of this Order for a case for that party or any other party). The Special Masters shall send an Initial Informational Package on the SSP to all parties and/or counsel of record for Hurricane Cases subject to the SSP.

---

[12] In instances where an insurer of an insured has filed suit against the insured concerning a Hurricane case the insured shall be considered the plaintiff for the purposes of the cost split under this order and the insurer shall be considered the defendant. It is generally customary in the event of settlement that a condition of settlement be that the insurer pays court costs and costs of the SSP/mediation.

# SECTION 4. STREAMLINED SETTLEMENT PROCESS ("SSP")

Within 15 days of the filing of the defendant's responsive pleading (or within 15 days of the receipt of a copy of this Order by the defendant or its counsel, including by electronic or other means — whichever is later), either party may file a motion to opt out of this Streamlined Settlement Process for good cause shown. This motion may be decided on the briefs without hearing. Unless the Court authorizes an opt out, then the parties shall participate in the two-staged Streamlined Settlement Process, which is described as follows:

## I. First Stage: Settlement Conference

Within 45 days of the Disclosure Deadline in all Hurricane Cases, all parties shall conduct an informal settlement conference ("ISC") among all parties and their counsel. Within 15 days of the Disclosure Deadline counsel shall meet to confer and discuss a mutually convenient time, date, and manner for the conference. In light of the COVID-19 pandemic as well as the desire to resolve the Hurricane Cases as expeditiously as possible, settlement conferences should be conducted, where possible, by phone or audiovisual communication, including but not limited to Zoom, Skype, or similar platforms.

Counsel for each plaintiff and for each defendant must have full authority to resolve the case from their clients, who shall be readily available by telephone if circumstances for the ISC require assistance.

The ISC shall include a particularized demand from the plaintiff that is itemized by each claimed policy coverage category then known to be remaining in dispute and/or any existing demand for extra-contractual damages that are then claimed to be incurred. The demand shall be submitted by email to the opposing counsel on the form attached as Exhibit "C" at least 72 hours prior to the scheduled ISC.

The attorney for the insurer will conduct a call prior to the ISC with the relevant client representative to ensure the client representative has reviewed the ISC demand. The client representative will inform their counsel concerning additional information requested to evaluate the claim, and their counsel shall convey that to opposing counsel at the ISC or in writing. The insurer shall submit by email to the opposing counsel an itemization of the prior payments awarded by coverage category on the form attached as Exhibit "D" at least 48 hours prior to the scheduled ISC.

The defendant shall respond at the ISC to briefly detail why it does not agree with the demand by category. The plaintiff may request that this response be reduced to writing, and if requested it shall be answered within 15 days of the ISC.

All ISC communications shall be covered by mediation confidentiality. The Special Masters may order any particular modifications in this protocol for specific cases, parties, or attorneys.

## II. Second Stage: Mediation

Cases that do not resolve during the initial settlement conference shall be set for a formal mediation. The parties shall provide the Special Masters written notice (including by email and preferably jointly) of completion of the First Stage along with a request for mediation. The Special Masters may assign a neutral within 60 days of the Disclosure Deadline even if neither party submits the written notice. The Special Masters shall then assign each Hurricane Case to an Assigned Neutral, and it is the goal that Assigned Neutrals complete mediation within 90 days of appointment. The Special Masters (or Appointed Neutral for the case) may set a scheduling conference, or communicate with counsel about availability through other means, but shall seek to

schedule the mediations in an expeditious manner at mutually convenient times and dates for all parties. In the event a counsel provides an insufficient number of available dates the Special Masters may authorize an extension of the SSP period for that case or may require mediation on a date selected by the Special Masters, including on a weekend day.

## A. Conduct of Mediation

After scheduling of an agreed mediation, counsel for each party shall submit confidential statements solely to the appointed neutral. The appointed neutral shall determine, after conferring with the parties, on the length of the confidential mediation statements and the permissible number of exhibits attached thereto.

Plaintiff(s) shall be present in-person along with counsel (subject to accommodations approved by the case's Appointed Neutral). Defense counsel shall also attend in-person. A representative from defendant(s) is encouraged to attend, but unless otherwise directed by the Special Masters the defendant(s) representative shall not be required to attend if counsel for the defendant has full authority to resolve the case. In addition, a representative of the defendant shall be readily available by telephone or video communication, if circumstances for that particular mediation require assistance.

To the extent agreed by the parties and the case's Appointed Neutral, this mediation conference may be conducted by phone or other means of electronic audio or video communication, including but not limited to Zoom, Skype, or similar platforms.

As part of this Streamlined Settlement Process, the attendees may be invited to each make opening statements but there shall be no live witness testimony.

## B. List of Neutrals

The Court hereby initially designates and appoints the following individuals as "neutrals" (mediators / appointed neutrals) for the SSP:

The Special Masters and any other person qualified pursuant to R.S. 13:4165(F)(5) that is designated by the Special Masters after consultation with the Court (including those identified in the attached list).

## C. Neutral Training

The Special Masters may undertake to provide special training to the neutrals, including coordinating participation in training prepared for the Streamlined Settlement Process. The Special Masters may form a plaintiffs' liaison committee and a defense liaison committee or may coordinate with any related Federal Court liaison committees for Hurricane Cases. If formed, the Special Masters may solicit input and responses concerning commonly occurring legal issues that the liaison committees, from experience, believe may arise in a large number of these cases, along with relevant case law or other authority addressing these issues. While the ultimate determination of any such common issue may well be fact driven, and the outcome of any legal issue will be determined by the Court, the Special Masters may seek this information in order to educate and fully prepare the appointed neutrals with the hope of expediting the settlement process. The Special Masters may facilitate discussions by and among the appointed neutrals to promote, to the extent possible, consistency in the resolution of cases.

## III. Extensions of Time

Upon a joint request by the parties, or for other good cause shown, the Special

Masters may modify any deadline specified in this Order.

## SECTION 5. COURT APPOINTED UMPIRES REQUIRED UNDER POLICIES

If an insurance policy implicated in a Hurricane Case provides for court appointment of a neutral or third appraiser for valuation disputes (hereinafter referred to as an "Umpire"), any request for the appointment by this Court of an Umpire shall only occur if the parties have been unable to agree on their own.

Any request for the appointment by the Court of an Umpire shall be made in writing no later than the deadline for filing of the defendant's responsive pleading. Any motion or request for this Court's appointment of an Umpire shall be submitted to the Special Masters via email at HurricaneIda@colelaw.us and jlitchfield@berriganlaw.net . This deadline may be extended by a Special Master in exceptional circumstances for good cause.

If a requesting party is seeking court appointment of an Umpire and no case is otherwise filed or pending before this Court (an "Umpire Only Filing"), then the parties shall follow the same procedures.

An Insurer is required to provide written notice of the request to any known counsel for the Insured (or directly to an unrepresented Insured). An Insured is required to provide written notice of the request to any known counsel of Insurer (if any) or alternatively to the Insurer's primary point of contact on the claim with Insured. The appraisers previously selected by each party shall also be provided notice, and their contact information (phone and email address) shall be provided in the request for appointment of an Umpire.

A written report and recommendation concerning the Umpire's appointment shall be issued to the parties and shall be deemed applicable to the parties in the same manner as if made by an order of the Court unless the report and recommendation is overturned by the assigned District Judge for good cause following a motion opposing the report and recommendation filed within seven days of transmittal of the written report and recommendation. Alternatively, a Special Master may issue the report and recommendation to the Court, and the Court may directly issue an Order concerning the appointment.

**IT IS ORDERED** that the appraisers appointed by the parties are required to complete their work and submit any disputes to the Umpire no later than 60 days following the first Initial Disclosure Deadline under this Order (105 days following the filing of the defendant's

responsive pleadings). The appointed Umpire shall issue his report no later than 21 days from the submission of the dispute to the Umpire. This period may be modified by the Special Masters upon a showing of good cause.

SECTION 7.         CLERK OF COURT AND NOTICE

A Plaintiff filing a Hurricane Case should note on its cover letter, in *ALL CAPS* and *RED FONT*, that the matter is a "HURRICANE CASE". **Each caption and on each pleading, "HURRICANE CASE" in bold print shall follow the docket number.** If a Special Master learns the Order has not been entered by the Clerk of Court, he shall serve it on the parties by email and may file proof of the same into the record at no cost.

In all subsequently filed Hurricane Cases, a copy of this order shall be served on the defendant(s) along with the Petition and Citation. The Clerk of Court shall include a reference that the Case Management Order is served with the Petition in the Citation issued. The Clerk of Court shall also provide a copy to the plaintiff by any authorized means.

The Clerk of Court shall transmit via email, at least weekly, to the Special Masters the docket numbers, case caption, and attorney contact information for any Hurricane Cases filed.

Any party making any filing or submitting any memoranda in a Hurricane Case subject to this Order shall serve a courtesy copy on the Special Masters in the same manner as enrolled counsel via email at HurricaneIda@colelaw.us and jlitchfield@berriganlaw.net.

SECTION 7.         COURT SUPERVISION

The Disaster Protocols and Streamlined Settlement Process shall, at all times, be subject to the ultimate control and supervision of the Court. This Case Management Order for Hurricane Cases is subject to modification pursuant to further orders of this Court. **All provisions of this Order shall be applicable to all Hurricane Cases whether then pending or thereafter filed.**

SO ORDERED on this ___ day of December, 2021, at New Orleans, Louisiana.

_____
HON. ELLEN M. HAZEUR
District Judge, Division A

_____
HON. RACHAEL JOHNSON
District Judge, Division B

_____
HON. SIDNEY H. CATES IV
District Judge, Division C

_____
HON. NAKISHA ERVIN-KNOTT
District Judge, Division D

HON. OMAR MASON
District Judge, Division E

HON. ROBIN M. GIARRUSSO
District Judge, Division G

HON. LORI JUPITER
District Judge, Division I

HON. BERNADETTE D'SOUZA
Chief Judge and District Judge, Division K

HON. PAULETTE R. IRONS
District Judge, Division M

HON. JENNIFER M. MEDLEY
District Judge, Division F

HON. MONIQUE BARIAL
District Judge, Division H

HON. NICOLE SHEPPARD
District Judge, Division J

HON. KERN A. REESE
District Judge, Division L

HON. ETHEL S. JULIEN
District Judge, Division N

IN RE: HURRICANE IDA CLAIMS : STATE OF LOUISIANA FILED

: PARISH OF ORLEANS APR 21 AM 11: 32

: CIVIL DISTRICT COURT CIVIL

DISTRICT COURT

## EXHIBIT "B"

## STIPULATION FOR MEDIATION

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties:

1. The parties agreed to submit their dispute to mediation pursuant to the SSP, as specified in the Case Management Order (and any relevant supplements).

2. No party shall be bound by anything said or done during the mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement. The appointed neutral may meet in private conference with less than all parties. Information obtained by the neutral, either in written or oral form, shall be confidential and except as provided by Order of the Court it shall not be revealed by the neutral unless and until the party who provided the information agrees to its disclosure.

3. The mediation process, for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence, shall be considered a settlement negotiation. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications, oral or written, made during the mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such communications, statements, promises, offers, views and opinions shall not be subject to any discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties. However, any evidence which would otherwise subject to discovery or admissible shall not be excluded from discovery or admission in evidence solely because it has been referenced or discussed during this mediation process.

4. The appointed neutral and their agents shall enjoy the same immunity as judges and court employees, whether under federal or state law, for any act or omission in connection with the mediation, and from compulsory process to testify or produce documents in connection with the mediation.

5. The parties shall not:

1

(i) Call or subpoena the appointed neutral as a witness or expert in any proceeding relating to: the mediation, the subject matter of the mediation, or any thoughts or impressions which the appointed neutral may have about the parties in the mediation;

(ii) Subpoena any notes, documents or other material prepared by the appointed neutral in the course of or in connection with the mediation; and

(iii) Offer into evidence any statements, views or opinions of the appointed neutral.

6. The appointed neutral's services have been made available to the parties through the dispute resolution procedures sponsored by the Court. In accordance with those procedures, the appointed neutral represents that he or she has taken requisite oaths.

7. Any party to this Stipulation is required to attend at least one session and as may be directed by the Special Masters as many other sessions thereafter as may be helpful in resolving this dispute.

8. An individual with final authority to settle the matter and to bind the party shall attend the mediation on behalf of each party.


_____          _____
**PLAINTIFF**                             **COUNSEL FOR PLAINTIFF**

Date: _____                     Date: _____



_____          _____
**DEFENDANT**                             **COUNSEL FOR DEFENDANT**

Date: _____                     Date: _____


**CONSENTED TO BY:**



_____
**NEUTRAL APPOINTED BY THE COURT**

Date: _____


2

IN RE: HURRICANE IDA CLAIMS  :  STATE OF LOUISIANA FILED

                                :  PARISH OF ORLEANS 2021 APR 21  AM 11: 32

                                :  CIVIL DISTRICT COURT

                                               CIVIL DISTRICT COURT

## EXHIBIT "C"

## FORM FOR ISC DEMAND BY INSURED

| Category | Policy Limits | Damage(s) | Prior Payments | ISC DEMAND |
|---|---|---|---|---|
| A. Property | _____ | _____ | _____ | _____ |
| B. Other Structures | _____ | _____ | _____ | _____ |
| C. Personal Property | _____ | _____ | _____ | _____ |
| D. ALE | _____ | _____ | _____ | _____ |

Claim for Statutory Bad Faith Penalties on Late Prior Payments          _____

Claim for Statutory Bad Faith Penalties on ISC Demand          _____

Claim for Attorney's Fees          _____

Total Claim for Other Damages (describe below):          _____

_____

_____

_____

TOTAL          _____

This demand is for the purposes of mediation only and is covered by mediation confidentiality. It may not be used for any other purpose. It is rescinded if the case does not settle as part of the SSP. The plaintiff reserves the right to modify the demand based on changes in circumstances or supplemental information. The plaintiff reserves the right to asserts claims for expert costs, judicial interest, and mental anguish / economic damages and related penalties pursuant to R.S. 22:1973 at any trial of this matter even if they are not listed above.

3

IN RE: HURRICANE IDA CLAIMS : STATE OF LOUISIANA FILED

: PARISH OF ORLEANS 2022 APR 21 AM 11: 32

: CIVIL DISTRICT COURT

---

EXHIBIT "D" CIVIL DISTRICT COURT

## FORM FOR ISC DETAIL OF PAYMENTS BY INSURER

| Category | Policy Limits | Prior Payments | Date(s) |
|---|---|---|---|
| A. Property | _____ | _____ | _____ |
| B. Other Structures | _____ | _____ | _____ |
| C. Personal Property | _____ | _____ | _____ |
| D. ALE | _____ | _____ | _____ |
| OTHER: | _____ | _____ | _____ |

Other Detail:_____

| TOTAL | _____ | _____ | |

4